```
Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555
Dlthomas32@gmail.com
951-413-9071
```

FILED
2012 APR 13  PM 3: 43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Deon L. Thomas )
  *Plaintiff* )
 ) EDCV12-553 JAK (SPx)
V. )
 ) **COMPLAINT**
AMERICAN CORADIUS )
INTERNATIONAL, LLC; )
 )
STEPHEN J. MOELLER, as an )
individual )
  *Defendants* )

*(margin note: fee paid 1/5-21)*

## INTRODUCTION

1. This is an action brought for damages out of violations of the Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692, et seq., and Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788, et seq. (hereinafter "ROSENTHAL.

## PRELIMINARY STATEMENT

2. Plaintiff, Deon L. Thomas makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

CLERK, U.S. DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
BY                           DEPUTY

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety. Unless otherwise stated, the conduct engaged in by Defendants took place in Riverside County, California.

4. All actions of the Defendants violations as alleged were carried out knowingly, willfully, and with intent, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## JURISDICTION and VENUE

5. This court has Jurisdiction pursuant to 15 U.S.C. § 1692k (d), 28 U.S.C § 1331, 28 U.S.C § 1367, any claim under the state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b).

7. The occurrences which give rise to this action occurred in Riverside County, California and Plaintiff resides in Riverside County, California

8. Venue is proper in the Central District of California

## PARTIES

9. The Plaintiff in this lawsuit is Deon L. Thomas, (hereinafter "Plaintiff") who at all times relevant herein was a resident of Riverside County, California.

10. The Defendant in this lawsuit is American Coradius International, LLC ("ACI") who is an unknown entity with offices at 2420 Sweet Home Road, Suite 150, Amherst, NY 14228, who transacts business as a debt collector in Riverside County, California.

11. The Defendant in this lawsuit is Stephan J. Moeller (hereinafter "MOELLER") who is an individual, Director of Corporate Compliance of ACI. Individually, and within his capacity as Director of Corporate Compliance of ACI, MOELLER formulated,

directed, and controlled the acts and practices of ACI, including the acts and practices alleged herein. At all times, relevant to this complaint, Defendant MOELLER, individually and acting through ACI is liable as a debt collector, has transacted business in Riverside County, California.

12. MOELLER is liable because "Employees can be held personally liable under the FDCPA." Robinson v. Managed Accounts Receivable Corp., 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

13. Furthermore, "most district courts that have addressed the issue have held That the corporate structure does not insulate shareholders, officers, or directors from Personal liability under the FDCPA." Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see Kistner v. Law Offices of Michael P. Margelefsky, L.L.C., 518 F.3d 433, 437-38 (6th Cir. 2008); del Campo v. Kennedy, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); Brumbelow v. Law Offices of Bennett & Deloney, P.C., 372 F.Supp.2d 615, 618-21 (D. Utah 2005); Albanese v. Portnoff Law Assocs., Ltd., 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004).

## STATEMENT OF FACTS

14. Plaintiff is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a (3), a debtor as defined in Cal. Civil Code § 1788.2(h).

15. On information and belief, Defendants attempted to collect an alleged debt, as defined in 15 U.S.C. §1692a (5) and Cal. Civil Code § 1788.2(d), in Riverside County from Plaintiff.

16. On information and belief, Defendants are debt collector as defined in 15 U.S.C. §1692a (6) and a collection agency as defined in Civil Code § 1788.2(c).

17. Defendants attempted to collect a non-existent alleged debt.

18. At a time unknown, Defendants acquired information regarding an alleged obligation that Plaintiff allegedly occurred.

19. Plaintiff received his consumer report from TransUnion and found entry in his consumer report that was unknown to him, which were the Defendants in this action.

20. Defendants have never contacted Plaintiff at any time prior to Plaintiff observing them on his TransUnion credit report. Defendants went straight into Plaintiff's TransUnion consumer credit report and never in the past requested payment from the Plaintiff nor sent him any collection letters to advise him of his rights and that he owes an alleged debt, as prescribed in 15 U.S.C. § 1692g.

21. Plaintiff's observation of the inquiry into his TransUnion consumer report and Defendants subsequent communication to Plaintiff on September 13, 2011 was the basis of this action, in an attempt to collect a non-existent alleged debt from Plaintiff. All Defendants are debt collectors, as defined in 15 U.S.C. §1692a (6).

22. This action is not about what the Plaintiff is required to do or about a non-existent alleged account/debt the Plaintiff may or may not have had. This action is about what the Defendants are required to do under the laws, subsequently violating those laws.

23. After Plaintiff examination of his consumer report, he notified Defendants On September 9, 2011, by sending a cease and desist and demand for **Validation** letter to ACI **Disputing** the alleged debt, by U.S. Postal Service Certified Mail/Return Receipt No. 7010 1670 0000 7427 0824. Said letter was received by ACI on September 12, 2011, according to the PS form 3811.

24. Defendants used instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debt, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due by or to another person or entity.

25. MOELLER mailed a collection notice to Plaintiff dated Sept. 13, 2011, attempting to collect an alleged debt that Plaintiff never owed to ACI. MOELLER knew or should have known Plaintiff did not owe ACI any money. The collection notice sent by MOELLER was in a deceptive and misleading manner, where it had two or more meanings, to confuse the least sophisticated consumer. MOELLER collection notice to Plaintiff was not written in a manner in which the least sophisticated consumer could interpret the meaning, Plaintiff questioned whether ACI may or may not be collecting on an alleged debt. The collection notice from MOELLER was in a contradictory and confusing manner, in violation of FDCPA, 15 U.S C. § 1692e, et seq.

26. MOELLER written communication dated Sept. 13, 2011 to Plaintiff, failed to include a total amount due, and how it may be determined if the demand for payment included add-on expenses like attorney fees or collection cost. MOELLER knew or should have known they hid the true character of the alleged debt, by failing to provide supporting documentation to substantiate an alleged debt, thereby impairing Plaintiff's ability to knowledgably assess the validity of the alleged debt, in violation of the FDCPA, 15 U.S C. § 1692e, et seq.

27. In this instance, through the means described in Paragraphs 14-26, in the course of collection an alleged non-existent debt from Plaintiff, MOELLER, directly and

indirectly, has represented to Plaintiff, expressly or by implication, that the alleged debt was valid and that Plaintiff had an obligation to pay the alleged debt.

28. In truth and in fact, in this instance the material representations set forth in paragraph 14-26 is false or MOELLER did not have a reasonable basis for the representation at the time the representation were made.

29. Therefore, the representation set forth in Paragraph 14-26 was false or misleading and constitute deceptive acts or practices in violation of FDCPA, 15 U.S C. § 1692e, et seq.

30. MOELLER had the authority to control and direct the debt collection activity of ACI, or has participated in the misrepresentation and other misconduct of ACI in connection with the collection of debt, and knew or should have known of the misrepresentation and other misconduct of ACI.

31. Violation of FDCPA brought forth herein occurred on or about September 2011, when MOELLER sent Collection notice to Plaintiff and the filing of this complaint on or about April 2012, as such the violations are within the statute of limitations as defined in the FCRA 15 U.S.C. § 1692k(d) and Cal. Civ. Code 1788.30(f).

32. MOELLER's and ACI's actions constitute conduct highly offensive to a reasonable person, and as a result of MOELLER's and ACI's violation of Plaintiff's rights. MOELLER and ACI conduct makes them liable to Plaintiff for actual damages, statutory damages, costs, and attorney's fees.

**COUNT I**
**VIOLATION OF THE FCDPA 15 U.S.C. § 1692, et seq.**
**By ACI and MOELLER**

33. Plaintiff restates and re-alleges herein all previous paragraphs 1-32.

34. The Plaintiff is a consumer as defined in 15 U.S.C. § 1692a (3).

35. Defendants are debt collectors as defined in 15 U.S.C. § 1692a (6).

36. MOELLER written communication dated Sept. 13, 2011 to Plaintiff, failed to include a total amount due, and how it may be determined if the demand for payment included add-on expenses like attorney fees or collection cost. MOELLER knew or should have known they hid the true character of the alleged debt, by failing to provide supporting documentation to substantiate an alleged debt, thereby impairing Plaintiff's ability to knowledgably assess the validity of the alleged debt, in violation of the FDCPA, 15 U.S C. § 1692e, et seq.

37. In this instance, through the means described in Paragraphs 14-26, in the course of collection an alleged non-existent debt from Plaintiff, MOELLER, directly and indirectly, has represented to Plaintiff, expressly or by implication, that the alleged debt was valid and that Plaintiff had an obligation to pay the alleged debt.

38. In truth and in fact, in this instance the material representations set forth in paragraph 14-26 is false or MOELLER did not have a reasonable basis for the representation at the time the representation were made.

39. Therefore, the representation set forth in Paragraph 14-26 was false or misleading and constitute deceptive acts or practices in violation of FDCPA, 15 U.S C. § 1692e, et seq.

40. MOELLER had the authority to control and direct the debt collection activity of ACI, or has participated in the misrepresentation and other misconduct of ACI in connection with the collection of debt, and knew or should have known of the misrepresentation and other misconduct of ACI.

41. Defendants violated 15 U.S.C § 1692e, by false, deceptive, or misleading representation or means in connection with the debt collection.

42. Defendants violated 15 U.S.C § 1692e (2), by false, deceptive, or misleading representation or means in the character, amount, or legal status of the alleged debt.

43. Defendants violated 15 U.S.C § 1692e (10) by use of false and deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.

44. Defendants violated 15 U.S.C § 1692f (1), Unfair Practices, in attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

45. Due to the repeated and continuing violation of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C § 1692(k).

**WHEREFORE,** Plaintiff demands judgment for damages against each and every Defendant individually, ACI and MOELLER, for actual or statutory, attorney's fees and cost, pursuant to 15 U.S.C. § 1692(k).

## COUNT II
### VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE § 1788, et seq.
### By ACI and MOELLER

46. Plaintiff restates and re-alleges herein all previous paragraphs 1-32.

47. Pursuant to § 1788.2(C) the Defendants are debt collectors, a person who in the ordinary course of business, regularly, on behalf of himself, herself or others, engages in debt collection.

48. Defendants are subject to the Rosenthal Fair Debt Collection Act Cal. Civil Code § 1788, et seq.

49. MOELLER written communication dated Sept. 13, 2011 to Plaintiff, failed to include a total amount due, and how it may be determined if the demand for payment included add-on expenses like attorney fees or collection cost. MOELLER knew or should have

known they hid the true character of the alleged debt, by failing to provide supporting documentation to substantiate an alleged debt, thereby impairing Plaintiff's ability to knowledgably assess the validity of the alleged debt, in violation of the FDCPA, 15 U.S C. § 1692e, et seq.

50. In this instance, through the means described in Paragraphs 14-26, in the course of collection an alleged non-existent debt from Plaintiff, MOELLER, directly and indirectly, has represented to Plaintiff, expressly or by implication, that the alleged debt was valid and that Plaintiff had an obligation to pay the alleged debt.

51. In truth and in fact, in this instance the material representations set forth in paragraph 14-26 is false or MOELLER did not have a reasonable basis for the representation at the time the representation were made.

52. Therefore, the representation set forth in Paragraph 14-26 was false or misleading and constitute deceptive acts or practices in violation of FDCPA, 15 U.S C. § 1692e, et seq.

53. MOELLER had the authority to control and direct the debt collection activity of ACI, or has participated in the misrepresentation and other misconduct of ACI in connection with the collection of debt, and knew or should have known of the misrepresentation and other misconduct of ACI.

54. Defendants violated 15 U.S.C § 1692e, as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation or means in connection with the debt collection.

55. Defendants violated 15 U.S.C § 1692e (2) (A), as incorporated by ROSENTHAL § 1788.17, by false, deceptive, or misleading representation of the amount of the alleged debt.

56. Defendants violated 15 U.S.C § 1692e (10), as incorporated by ROSENTHAL § 1788.17, by the use of any false and representation or deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.

57. Defendants violated 15 U.S.C § 1692f (1), as incorporated by ROSENTHAL § 1788.17, Unfair Practices, attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

58. Defendants violated ROSENTHAL 1788.13(l) any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency.

59. Defendants violated § 1788.17, et seq. of the ROSENTHAL by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, et seq.

**WHEREFORE,** Plaintiff demands judgment against each and every Defendant individually, ACI and MOELLER, for actual or statutory damages, attorney's fees and costs, pursuant to Cal. Civil Code § 1788.30(a), Cal. Civil Code § 1788.30(b).

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues as triable as matter of law.

Date: April 13, 2012

_Deon L. Thomas_
Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555
dlthomas32@gmail.com

## **CERTIFICATE OF SERVICE**

I, Deon L. Thomas ("Plaintiff"), do hereby certify that on April 13, 2012, a copy of the foregoing documents will be sent to Defendants, and will submit the same to the court of record on or about April 13, 2012.

American Coradius International, LLC
2420 Sweet Home Road, Suite 150
Amherst, NY 14228

Stephen J. Moeller
2420 Sweet Home Road, Suite 150
Amherst, NY 14228

*/s/ Deon L. Thomas*
Deon L. Thomas
14626 Red Gum Street
Moreno Valley, CA 92555

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

**EDCV12- 553 JAK (SPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Thomas, Deon L.

**DEFENDANTS**
American Coradius International, LLC; Stephen J. Moeller

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Deon L. Thomas
14626 Red Gum St.
Moreno Valley, CA 92555

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ 4,500

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violation of Fair Debt Collection Act 15 U.S.C. § 1692, et seq; Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: __ED CV12-553__

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date April 13, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Deon L. Thomas | ) |
| *Plaintiff* | ) Civil Action No. ED-CV12-553 JAK(SPx) |
| v. | ) |
| American Coradius International, LLC; Stephen J. Moeller, as an Individual | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Deon L. Thomas
> 14626 Red Gum Street
> Moreno Valley, CA 92555

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: APR 1 3 2012

ANN M. MARTINEZ
*Signature of Clerk or Deputy Clerk*

FOR OFFICE USE ONLY